**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

Gonzalo Hernandez,
Miguel Fuentes,
Mervin Joaquin,
David Cruz,
Orlando Martinez, and
Gustavo Venegas de la Rosa

  Plaintiffs,

v.

Gray Insulation and Fabrication LLC, and
Meri RameyGray

  Defendants,

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiffs Gonzalo Hernandez, Miguel Fuentes, Mervin Joaquin, David Cruz, Orlando Martinez, and Gustavo Venegas de la Rosa ("Plaintiffs"), by and through counsel, Sanitas Law Group, file this Complaint against Defendants, Gray Insulation and Fabrication LLC ("Gray Insulation") and Meri RameyGray (together, "Defendants"), and for their claims and causes of action state as follows:

**INTRODUCTION**

1. Plaintiffs Gonzalo Hernandez, Miguel Fuentes, Mervin Joaquin, David Cruz, Orlando Martinez, and Gustavo Venegas de la Rosa are insulation workers who worked for Defendants Gray Insulation and RameyGray at the rehabilitation of the Denver Art Museum.

2. This litigation arises from, inter alia, Gray Insulation's failure to pay wages to

Plaintiffs for work performed, failure to pay overtime, failure to pay pension and insurance benefits that Gray Insulation agreed to pay on behalf of Plaintiffs, and failure to reimburse Plaintiffs for out of pocket expenses they incurred in performing work for Gray Insulation.

3. Defendants also deducted benefits from Plaintiffs' paychecks but retained these deducted amounts for the benefit of Plaintiffs, and Defendants provided Plaintiffs with falsified paystubs.

4. In addition, Defendants fraudulently induced Plaintiffs to continue working, when Defendants knew that they would not pay Plaintiffs for their work.

## THE PARTIES

5. Plaintiff Gonzalo Hernandez is a citizen of Colorado who resides in Denver County, Colorado.

6. Plaintiff Miguel Fuentes is a citizen of Colorado who resides in Arapahoe County, Colorado.

7. Plaintiff Mervin Joaquin is a citizen of Colorado who resides in Adams County, Colorado.

8. Plaintiff David Cruz a citizen of Colorado who resides in Arapahoe County, Colorado.

9. Plaintiff Orlando Martinez is a citizen of Colorado who resides in Arapahoe County, Colorado.

10. Plaintiff Gustavo Venegas de la Rosa is a citizen of Colorado who resides in Adams County, Colorado.

11. On information and belief, Defendant Gray Insulation and Fabrication LLC ("Gray Insulation") is incorporated in Colorado, with its principal place of business in Windsor,

Colorado, and it is duly qualified to transact business in the state of Colorado.

12. On information and belief, Defendant Meri RameyGray ("RameyGray") is a citizen of Colorado and resides in Windsor, Colorado, in Larimer County.

## PERSONAL AND SUBJECT MATTER JURISDICTION

13. This court has personal jurisdiction over all parties.

14. This court has subject matter jurisdiction over all claims asserted herein because the action arises under 29 U.S.C. § 201 et seq. and the court has supplemental jurisdiction over all additional causes of action.

15. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

16. As reported in an industry magazine recently, Gray Insulation focuses on mechanical insulation, covering pipe or HVAC insulation. RameyGray was quoted as listing the White House, the Pentagon, and the Vice President's residence as projects in Gray Insulation's "repertoire of experience."

17. Each Plaintiff worked as an insulator for Gray Insulation.

18. Gray Insulation entered into employment contracts with each Plaintiff, either directly or through the labor union the International Association of Heat and Frost Insulators and Allied Workers.

19. During the time period that Plaintiffs worked for Gray Insulation, Gray Insulation was a subcontractor performing construction, alteration, improvement, repair, maintenance or demolition at the Denver Art Museum in Denver, Colorado.

20. Upon information and belief, the Denver Art Museum is a building owned or leased by the city of Denver or is located on land owned by the city of Denver, and the work

being performed by Gray Insulation was pursuant to a contract by or on behalf of the city of Denver, or for an agency of the city of Denver, or financed in whole or in part by the city of Denver or an agency of the city of Denver.

21. Each of the Plaintiffs performed insulation work for Gray Insulation at the Denver Art Museum, which work is construction, alteration, improvements, repairs, maintenance or demolition.

22. Plaintiffs were each entitled to the prevailing wage for the work they performed for Gray Insulation at the Denver Art Museum.

23. Those Plaintiffs who are union members were entitled to an hourly wage, a pension payment on their behalf, insurance premiums paid on their behalf, and other benefits, the total of which equaled at least the prevailing wage.

24. Those Plaintiffs who are not union members were entitled to a total hourly wage equal to the prevailing wage.

25. Plaintiffs were entitled to one and a half times the prevailing wage for work over 40 hours performed in any given week.

26. Plaintiffs have received no payment for the work they performed for multiple weeks.

27. Defendant RameyGray is a member and agent of Defendant Gray Insulation and at all times controlled when, where, and how the Plaintiffs worked.

28. On behalf of Gray Insulation, defendant RameyGray entered into the employment contracts with the Plaintiffs, had the power to hire and fire Plaintiffs, controlled the terms of Plaintiffs' employment contracts with Gray Insulation, controlled their employment records, and controlled the finances and financial decisions of Gray Insulation.

29. Plaintiff Gonzalo Hernandez is a General Foreman. Gray Insulation agreed to pay Mr. Hernandez hourly wages, pension benefits, health insurance premium benefits, and to reimburse Plaintiff Gonzalo Hernandez for his daily parking fees incurred on days when he performed work for Gray Insulation.

30. Plaintiff Miguel Fuentes is an insulator. Gray Insulation agreed to pay Mr. Fuentes hourly wages.

31. Plaintiff Mervin Joaquin is a mechanical insulator. Gray Insulation agreed to pay Mr. Joaquin hourly wages, pension benefits, health insurance premium benefits, and to reimburse Plaintiff Mervin Joaquin for his daily parking fees incurred on days when he performed work for Gray Insulation.

32. Plaintiff David Cruz is a third-year apprentice insulator. Gray Insulation agreed to pay Mr. Cruz hourly wages, pension benefits, health insurance premium benefits, and to reimburse Plaintiff David Cruz for his daily parking fees incurred on days when he performed work for Gray Insulation.

33. Plaintiff Orlando Martinez is a mechanical insulator. Gray Insulation agreed to pay Mr. Martinez hourly wages, pension benefits, health insurance premium benefits, and to reimburse Plaintiff Orlando Martinez for his daily parking fees incurred on days when he performed work for Gray Insulation.

34. Plaintiff Gustavo Venegas de la Rosa is a mechanical insulator. Gray Insulation agreed to pay Mr. Venegas de la Rosa an hourly wage and pension benefits.

35. Gray Insulation failed to pay Plaintiffs anything for a substantial number of hours of work, ending with their last day of work on November 1, 2019.

36. Gray Insulation also failed to pay pension benefits on behalf of Plaintiffs Gonzalo

Hernandez, Mervin Joaquin, David Cruz, Orlando Martinez, and Gustavo Venegas de la Rosa for the entirety of their time working for Gray Insulation.

37. Gray Insulation failed to pay insurance premiums for Plaintiffs Gonzalo Hernandez, Mervin Joaquin, David Cruz, and Orlando Martinez.

38. The pay stubs received by Plaintiffs Gonzalo Hernandez, Mervin Joaquin, David Cruz, Orlando Martinez, and Gustavo Venegas de la Rosa indicate that both pension benefits and insurance premiums were paid on behalf of these Plaintiffs.

39. Gray Insulation's representation, on the pay stubs of Plaintiffs Gonzalo Hernandez, Mervin Joaquin, David Cruz, Orlando Martinez, and Gustavo Venegas de la Rosa that pension benefits and insurance premiums were paid on their behalf was false. Gray Insulation did not pay these benefits on behalf of Plaintiffs.

40. Gray Insulation also failed to reimburse Plaintiffs Gonzalo Hernandez, Mervin Joaquin, David Cruz, and Orlando Martinez for their daily parking fees incurred on days they worked for Gray Insulation.

41. Plaintiffs provided Gray Insulation, through RameyGray, with time sheets for work performed.

42. Gray Insulation has failed to pay Plaintiffs wages earned notwithstanding receipt of Plaintiffs' time sheets.

43. Plaintiffs verbally told RameyGray that they needed to be paid their wages and benefits.

44. RameyGray promised Plaintiffs that she would pay them the wages and benefits that were owed to Plaintiffs but had not been paid.

45. RameyGray requested that Plaintiffs continue to work for Gray Insulation, and

RameyGray promised Plaintiffs that they would be paid all wages and benefits they were owed.

46. Upon information and belief, RameyGray induced Plaintiffs to continue working for Gray Insulation with knowledge that Plaintiffs would not be paid the wages and benefits they were owed.

47. RameyGray engaged in the aforementioned wrongful acts both in her capacity as an officer of Gray Insulation and in her personal capacity.

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)**

48. Plaintiffs incorporate by reference paragraphs 1 through 47 as if fully set forth herein.

49. Defendants failed to pay Plaintiffs any wage for a significant portion of work that Plaintiffs performed as employees of Gray Insulation.

50. Defendants failed to pay Plaintiffs one and a half times for each hour over 40 hours per week that Plaintiffs worked for Gray Insulation.

51. Plaintiffs were each "employees" of Gray Insulation as that term is defined by 29 U.S.C. § 203.

52. Gray Insulation is engaged in commerce pursuant to 29 U.S.C. § 203 because it is engaged in projects among the several States.

53. Gray Insulation's failure to pay wages and overtime to Plaintiffs is in violation of 29 U.S.C. § 206.

54. Plaintiffs are entitled to unpaid minimum wages and overtime, statutory liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216.

55. As joint employers, defendants Gray Insulation and RameyGray are jointly and

severally liable for these damages.

## SECOND CLAIM FOR RELIEF
### (Colorado Wage Act, C.R.S. 8-4-101, et seq., C.R.S. 8-6-118)

56. Plaintiffs incorporate by reference paragraphs 1 through 55 as if fully set forth herein.

57. Gray Insulation willfully failed to pay Plaintiffs any wage for a significant portion of work that Plaintiffs performed as employees of Gray Insulation.

58. Plaintiffs were each "employees" of Gray Insulation as that term is defined by C.R.S. 8-4-101.

59. By submitting time sheets showing the number of hours worked, Plaintiffs demanded that Gray Insulation pay wages and compensation earned by Plaintiffs.

60. Plaintiffs also verbally demanded that Gray Insulation pay the wages and compensation earned by Plaintiffs.

61. Gray Insulation's failure to pay to Plaintiffs wages earned by Plaintiffs is in violation of C.R.S. 8-4-103, C.R.S. 8-4-109, and C.R.S. 8-6-118.

62. Plaintiffs are entitled to unpaid minimum wages and overtime, statutory damages pursuant to C.R.S. 8-4-109(3), attorney's fees, and costs.

63. As joint employers, defendants Gray Insulation and RameyGray are jointly and severally liable for these damages.

## THIRD CLAIM FOR RELIEF
### (Failure to Pay Prevailing Wage, D.R.M.C. § 20-76)

64. Plaintiffs incorporate by reference paragraphs 1 through 63 as if fully set forth

herein.

65.     Plaintiffs performed work for Defendants and were not paid anything for a significant portion of their work.

66.     Plaintiffs performed work that constituted construction, alteration, improvements, repairs, maintenance, or demolition at the Denver Art Museum, a building owned or leased by the City of Denver, or located on land owned by the city of Denver, pursuant to a contract by or on behalf of the city of Denver, or for an agency of the city of Denver, or financed in whole or in part by the city of Denver or an agency of the city of Denver, for Gray Insulation, a subcontractor.

67.     Defendants' failure to pay the prevailing wage to Plaintiffs is in violation of the Denver Revised Municipal Code § 20-76.

68.     Plaintiffs are entitled to unpaid prevailing wages and overtime.

69.     As joint employers, defendants Gray Insulation and RameyGray are jointly and severally liable for these damages.

**FOURTH CLAIM FOR RELIEF**
**(Colorado Trust Fund Statute and Theft, C.R.S. 38-22-127, 18-4-401)**

70.     Plaintiffs incorporate by reference paragraphs 1 through 69 as if fully set forth herein.

71.     Upon information and belief, funds were disbursed to Defendants under a building, construction, or remodeling contract or on a construction project.

72.     Defendants did not hold these funds in trust for the payment of Plaintiffs.

73.     At all relevant times, RameyGray was in complete control of the finances and financial decisions of Gray Insulation because she managed the business finances of Gray

Insulation, including payments to Plaintiffs.

74. Pursuant to C.R.S. 38-22-127, Defendants' violation of the Trust Fund Statute amounts to theft.

75. Plaintiffs are entitled to treble damages, costs, and attorney's fees. C.R.S. 18-4-405.

## FIFTH CLAIM FOR RELIEF
### (Deceit Based on Fraud)

76. Plaintiffs incorporate by reference paragraphs 1 through 75 as if fully set forth herein.

77. Defendants provided false paystubs to Plaintiffs Hernandez, Joaquin, Cruz, Martinez, and Venegas de la Rosa. The false paystubs indicated that pension and health insurance benefits had been paid by Gray Insulation on behalf of Plaintiffs Hernandez, Joaquin, Cruz, Martinez, and Venegas de la Rosa, but no such benefits were paid by Gray Insulation on behalf of Plaintiffs.

78. The false information included on the paystubs of Plaintiffs Hernandez, Joaquin, Cruz, Martinez, and Venegas de la Rosa concerning the payment of pension and health insurance benefits on behalf of Plaintiffs, was material to Plaintiffs.

79. Defendants knew that the information regarding pension and health insurance benefits was false at the time they made the representations.

80. Defendants made the false statements on Plaintiffs' paystubs with the intent that Plaintiffs Hernandez, Joaquin, Cruz, Martinez, and Venegas de la Rosa would rely on the false paystubs.

81. Plaintiffs Hernandez, Joaquin, Cruz, Martinez, and Venegas de la Rosa relied on

the false representations that Defendants included on Plaintiffs' paystubs, including without limit by foregoing the opportunity to purchase separate health insurance.

82. Plaintiffs' reliance on the false paystub information was justified.

83. The reliance by Plaintiffs Hernandez, Joaquin, Cruz, Martinez, and Venegas de la Rosa on the false information caused damages to Plaintiffs Hernandez, Joaquin, Cruz, Martinez, and Venegas de la Rosa including without limit lost investment opportunities, unknowingly proceeding without health insurance, and incurring medical fees that had to be paid out of pocket.

84. By virtue of Defendants' deceitful and fraudulent conduct, Plaintiffs Hernandez, Joaquin, Cruz, Martinez, and Venegas de la Rosa are entitled to actual and consequential damages against each Defendant, in amounts to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### (Fraudulent Concealment)

85. Plaintiffs incorporate by reference paragraphs 1 through 84 as if fully set forth herein.

86. Defendants concealed from Plaintiffs that Defendants would not pay Plaintiffs wages and benefits for work Plaintiffs performed.

87. The fact that Defendants would not pay Plaintiffs was a material fact.

88. Defendants concealed their intent to not pay Plaintiffs, with the intent of creating a false impression in the minds of Plaintiffs.

89. RameyGray, as the principal of Gray Insulation, falsely promised to pay Plaintiffs if they continued to perform work for Gray Insulation.

90. At the time that she promised to pay Plaintiffs, RameyGray, as the principal of Gray Insulation, did not intend to keep the promise to pay Plaintiffs.

91. Defendants concealed their intent to not pay Plaintiffs, with the intent that Plaintiffs continue to perform work for Defendants, which Plaintiffs would not have done if they knew that they would not be paid.

92. Plaintiffs continued to perform work for Defendants, in reliance on RameyGray's false assurance that Plaintiffs would be paid for their work.

93. Plaintiffs' reliance on RameyGray's assurance that Plaintiffs would be paid for their work was justified.

94. Plaintiffs' reliance on RameyGray's assurance that they would be paid for their work caused losses to the Plaintiffs, including, without limit, foregoing other, paying work opportunities.

95. Plaintiffs are entitled to actual and consequential damages against each Defendant, in amounts to be proven at trial.

**SEVENTH CLAIM FOR RELIEF**
**(Breach of Contract)**

96. Plaintiffs incorporate by reference paragraphs 1 through 95 as if fully set forth herein.

97. Defendants entered an employment contract with Plaintiffs, whereby Defendants agreed to pay Plaintiffs at least the prevailing wage for their work, inclusive of pension and health insurance benefits, plus overtime payments, and Defendants also agreed to reimburse Plaintiffs for their out of pocket parking expenses.

98. Defendants failed to pay Plaintiffs for a significant portion of their work, failed to pay overtime, failed to pay pension and health insurance benefits on behalf of Plaintiffs Hernandez, Joaquin, Cruz, Martinez, and Venegas de la Rosa, and failed to reimburse Plaintiffs

Hernandez, Joaquin, Cruz, and Martinez for their out of pocket parking expenses.

99. Plaintiffs complied with their part of the contract by performing work for Gray Insulation.

100. Plaintiffs are entitled to recover those wages, benefits, and out of pocket expenses that were promised but not paid to them.

## EIGHTH CLAIM FOR RELIEF
### (Civil Theft, C.R.S. § 18-4-401 et seq.)

101. Plaintiffs incorporate by reference paragraphs 1 through 100 as if fully set forth herein.

102. Defendants entered employment contracts with Plaintiffs, and Plaintiffs performed insulation work for Defendants.

103. At all relevant times, RameyGray was in complete control of the finances and financial decisions of Gray Insulation.

104. The paystubs of Plaintiffs Hernandez, Joaquin, Cruz, and Martinez show that deductions were made from these Plaintiffs' paychecks for pension and health insurance benefits by Defendants, and the paystubs of Plaintiff Venegas de la Rosa show that deductions were made from his paychecks for pension benefits by Defendants.

105. Defendants, however, never distributed these withheld monies on behalf of Plaintiffs.

106. On information and belief, Defendants wrongfully kept the withheld monies for themselves.

107. Defendants intended to permanently deprive Plaintiffs Hernandez, Joaquin, Cruz, Martinez, and Venegas de la Rosa of the funds that were supposed to be withheld for Plaintiffs'

pension and health insurance benefits.

108. Pursuant to C.R.S. 18-4-405, Plaintiffs Hernandez, Joaquin, Cruz, Martinez, and Venegas de la Rosa are entitled to three times their damages, plus costs and attorney's fees.

### NINTH CLAIM FOR RELIEF
(Breaches of Implied Covenant of Good Faith)

109. Plaintiffs incorporate by reference paragraphs 1 through 108 as if fully set forth herein.

110. Defendants expressly promised Plaintiffs, and owed as an implied covenant, an obligation of good faith and fair dealing.

111. Defendants had a duty to perform the terms of the contract in good faith, and Defendants had a concomitant duty to refrain from doing things that would deprive Plaintiffs of the reasonable and mutually anticipated benefits of those agreements.

112. Defendants' course of conduct towards Plaintiffs constituted bad faith and was in breach of the implied covenant of good faith and fair dealing.

113. Defendants' conduct deprived Plaintiffs of the reasonable expectation of benefiting from the contracts, as described herein above.

114. Defendants' breach of the implied covenant of good faith and fair dealing caused Plaintiffs losses and consequential damages in amounts to be proven at trial.

### TENTH CLAIM FOR RELIEF
(Quantum Meruit)

115. Plaintiffs incorporate by reference paragraphs 1 through 114 as if fully set forth herein.

116. Plaintiffs rendered services in good faith which benefited Defendants.

117. Defendants accepted Plaintiffs' services.

118. Plaintiffs reasonably expected to be compensated for the services rendered to Defendants.

119. Equity demands that Plaintiffs be compensated for the reasonable value of the services rendered to Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an Order:

(1)  Granting judgment in favor of Plaintiffs and against Defendants;

(2)  Awarding Plaintiffs their damages in contract;

(3)  Awarding Plaintiffs their unpaid minimum wages pursuant to state and federal law;

(4)  Awarding Plaintiffs their unpaid overtime;

(5)  Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §§ 201 et seq.;

(6)  Awarding Plaintiff damages for unpaid wages pursuant to C.R.S. 8-4-101 et seq.;

(7)  Awarding Plaintiffs treble damages for civil theft pursuant to C.R.S. 18-4-405;

(8)  Awarding Plaintiffs their costs;

(9)  Awarding Plaintiffs their attorney's fees;

(10) Awarding Plaintiffs prejudgment and post-judgment interest;

(11) And Granting such other relief as this Court deems just and proper.

**PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**DATED** this 8th day of January, 2020.

Respectfully Submitted,

[*]s/ *Jennifer C. Arnett*
Jennifer C. Arnett
Sanitas Law Group
806 S Public Road
Suite 201
Lafayette, Colorado 80026
Tel: 303-442-2900
jennifer@sanitaslaw.com
*Attorney for Plaintiffs*

---

[*] *Pursuant to Electronic Case Filing Procedure for the District of Colorado (Civil Cases) § 5(C)(1-3), the "s/ signature" serves as the filer's signature on all such documents filed with the court. It also serves as the filer's signature for purposes of the Federal Rules of Civil Procedure, the local rules of this court, and any other purpose for which a signature is required in connection with proceedings before the court.*